Joe **HILLARD**, Administrator of the Estate of Beulah Hillard, Deceased, Appellant,

v.

**GOOD SAMARITAN HOSPITAL,** a Corporation, Appellee.

Court of Appeals of Kentucky.

May 12, 1961.

Rehearing Denied Sept. 29, 1961.

Robert F. Stephens, Miller, Griffin, Marks & Stephens, Sturgill, Moreland & Turner, Lexington, for appellant.

Julian Knippenberg, Lexington, for appellee.

BIRD, Chief Justice.

It is charged in this action that Beulah Hillard, a patient, died as a result of the negligence of the Good Samaritan Hospital, its agents, servants and employees.

The hospital pleaded what we generally call "charitable immunity."

The trial court entered the following judgment:

"This cause coming on for hearing on defendant's motion for a summary judgment on the basis of charitable immunity and the court having considered the affidavits and depositions filed herein and being advised, it is hereby Ordered and Adjudged that said motion be, and the same hereby is, sustained and plaintiff's complaint is dismissed at plaintiff's cost to which ruling plaintiff objects."

The learned trial judge followed the case law of this State as it was written at the time of trial. However, in the case of Ruby Mullikin v. Jewish Hospital Association, Ky., 348 S.W.2d 930, rendered May 5, 1961, we overruled the law upon which he relied and declared that the charitable nature of an institution was not of itself sufficient to clothe it with immunity. See also Gillum v. Good Samaritan Hospital, Ky., 348 S.W.2d 924, rendered May 12, 1961.

We must reverse this case for the same reasons set forth in the Mullikin and Gillum cases.

The judgment is reversed for proceedings not inconsistent with this opinion.

STEWART, J., dissents.